United States District Court
Southern District of Texas
**ENTERED**
May 19, 2016
David J. Bradley, Clerk

FILED
MAY 19 2016
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| STEVEN MORRIS SADLER §<br>Petitioner §<br>§<br>vs. §<br>§<br>RICK THALER §<br>TEXAS DEPARTMENT §<br>OF CRIMINAL JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION §<br>Respondent § | CIVIL ACTION NO. M-13-172 |

## REPORT & RECOMMENDATION

Petitioner filed this action as a pro se, state prisoner. After he finishes serving his state sentence in a Texas Department of Criminal Justice ("TDCJ") facility, he must serve a 60-month federal sentence. He has tendered a petition pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prison's calculation of his sentence. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

After a review of the record and relevant law, the undersigned respectfully recommends that Petitioner's section 2241 petition be **DENIED** and **DISMISSED** with prejudice because it lacks merit. It is further recommended that this case be closed.

### I. BACKGROUND & NATURE OF THIS ACTION

This action was opened in early April 2013. At this point in time, Petitioner has likely finished serving his state sentence[1] and is probably now in the custody of the Bureau of Prisons (BOP), pursuant to a criminal judgment, signed by United States District Court Judge Walter S.

---

[1] Petitioner has not updated his address with the Court, as he is required to do under the Local Rules, since January 2014, when he was transferred to a TDCJ facility in Gatesville, Texas.

1

Smith, Jr., from the United States District Court for the Western District of Texas, Waco Division.[2] In this action, Petitioner wants to compel the BOP to give him credit towards his federal sentence for the time he spent in state custody.

When Petitioner filed this habeas action, he was incarcerated at the TDCJ prison in Edinburg, Texas. Accordingly, jurisdiction is proper in this Court. *See, e.g., Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (explaining that "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition"); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) ("To entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian.") (emphasis added).[3]

## II. APPLICABLE LAW & ANALYSIS

Petitioner challenges the BOP's calculation of his sentence, and a petition under 28 U.S.C. § 2241 is the proper vehicle for doing so. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.").

The record reflects that the federal sentencing court previously denied Petitioner's motion for a nunc pro tunc order to amend the criminal judgment to reflect that his federal sentence should be served concurrently with a subsequently imposed state sentence. (Dkt. Entry No. 1 at 18–20.)

---

[2] Petitioner's federal sentence was reduced retroactively (from 104 months to 60 months) by court order under the amended sentencing guidelines regarding "crack" cocaine offenses. (Dkt. Entry No. 1 at 18–19.)

[3] Before filing this action, Petitioner filed a Motion for Nunc Pro Tunc Order in the sentencing court in Waco. In denying that motion, the district court in Waco explained to Petitioner that he needed to file any request for relief under section 2241 in the McAllen Division of the Southern District of Texas because he was incarcerated in Edinburg, Texas. (Dkt. Entry No. 1 at 20.)

Petitioner has attached a copy of that order to his petition for relief. The district court noted that Petitioner's state sentence was unrelated to the federal charge and imposed after the federal sentence. (*Id.* at 19.) The court noted that, under 18 U.S.C. § 3584(a) and the facts of this case, multiple terms of imprisonment imposed at different times run consecutively. (*Id.*) The court concluded that it "does not believe concurrent sentencing is appropriate." (*Id.*)

In order to show that he has exhausted his administrative remedies, Petitioner has attached a copy of a letter from the Department of Justice, Federal Bureau of Prisons' Designation and Sentence Computation Center, in which it declines Petitioner's request for a nunc pro tunc designation for credit toward his federal sentence for time spent in state custody. (Dkt. Entry No. 1 at 21–22.) The letter explains that the Bureau has considered his request under the direction of *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990) (concluding that a federal prisoner may bring a habeas action in federal court to compel the BOP to act on a prisoner's request), by evaluating the request under the factors listed in 18 U.S.C. § 3621(b).[4] In Petitioner's letter, the Bureau found factors 2, 3, and 4 to be the most relevant, and it detailed the nature of Petitioner's federal and state convictions and his criminal history. (*Id.*) The Bureau also explained that, because the criminal judgment was silent on the issue of how the sentence would run, the Bureau contacted the sentencing court, which responded in writing with a statement that the "sentence must, by statute, run consecutively." (*Id.* at 21.)

---

[4] These factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence–(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type or penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

3

The relevant law provides that "[o]nly the Attorney General, through the BOP, may compute a prisoner's credits." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992)). In the event that a federal sentence is imposed before a state sentence, the BOP has discretion to subsequently award credit for the time served in a state prison through a nunc pro tunc designation of the state prison as the place of confinement for the federal sentence. *Id.* (citing, among other cases, *Barden*, 921 F.2d at 480).

If the prisoner's request for this type of retroactive or nunc pro tunc designation is denied by the BOP, as it was in this instant case, the prisoner can bring an action under 28 U.S.C. § 2241 in federal court challenging that review. *See id.* (holding that "a habeas petition requesting a nunc pro tunc designation is not ripe until the BOP makes a final decision on the prisoner's nunc pro tunc request"). However, in such an action, the courts have reiterated that the BOP has "wide discretion" in deciding to make that designation. *See, e.g., Barden*, 921 F.2d at 483; *Fuller v. Maye*, 509 F. App'x 379, 380, 2013 WL 363348, at *1 (5th Cir. 2013) (unpublished) (concluding that, "although the BOP could have given Fuller further credit, . . . it was not required to do so" under the relevant law) (citing *Pierce*, 614 F.3d at 160); *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (unpublished) ("Based on the record before us, including abundant evidence that the district court did not intend to impose Washington's federal sentences to run concurrent to the Texas sentence at issue, the district court did not err by dismissing Washington's claim that the BOP improperly denied his request for a nunc pro tunc designation."); *see also Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) (explaining, in the context of a challenge based on separation of powers, which the court rejected under the facts, "pursuant to the sentencing statutes and our circuit's

precedent, his request to the BOP for a nunc pro tunc designation is tantamount to a request for *post-sentencing leniency*") (emphasis added).

In this case, Petitioner does not point to any particular errors or problems in support of his claim. All he offers is a mistaken view of the relevant law (*i.e.*, the mistaken view that a federal sentence is presumed to run concurrently with a subsequently-imposed state sentence if the federal criminal judgment is silent on the issue)[5] and his personal dissatisfaction with the BOP's decision. These reasons fail to entitle Petitioner to habeas relief. Not only did the BOP follow the guidance of *Barden v. Keohane* by considering Petitioner's request for a nunc pro tunc designation, despite 18 U.S.C. § 3585(b),[6] but the record shows that the BOP's analysis followed section 3621(b), by focusing on the nature of Petitioner's federal and state criminal convictions for drug possession and a parole violation, his criminal history for drug possession, assault, and evading arrest, and the sentencing court's express statement that the federal sentence should run consecutively to any subsequent state sentence. In light of this record, the undersigned recommends that Petitioner's habeas claim be denied and dismissed. *Cf. Washington*, 533 F. App'x at 461 (unpublished) ("Based on the record before us, including abundant evidence that the district court did not intend to impose Washington's federal sentences to run concurrent to the Texas sentence at issue, the district court

---

[5] Section 3584(a) of title 18 explains that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

[6] Subsection 3585(b) explains that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed—that has not been credited against another sentence."

did not err by dismissing Washington's claim that the BOP improperly denied his request for a nunc pro tunc designation.").

Petitioner also seems to allege that the BOP has failed to credit his federal sentence for the time he was in custody in connection to his federal criminal case. Petitioner does not address the amount of time and dates involved, nor does he offer any documentation or meaningful detail in support. It is not evident from the record whether Petitioner was already in state custody (*e.g.*, picked up for the parole violation) during the disposition of his federal case and, as such, likely transferred to federal custody (*i.e*, "on loan" from state custody) so he could appear for the federal case. The DOJ/BOP letter, which Petitioner relies on as proof of his exhaustion, does not mention the issue specifically. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) ("[This court has determined that a § 2241 petitioner must first exhaust his administrative remedies through the Bureau of Prisons."). However, the undersigned reads the letter as subsuming the issue of his detention during the duration of the federal case and sentence-commencement issues with regard to his federal sentence under the broader question of whether the BOP was willing to give Petitioner credit towards his federal sentence, which he was going to serve only after he fulfilled his state obligations, for *any* time spent in state custody because the letter expressly states that section 3585(b) "prohibits" credit, presumably, because the time at issue was being credited to his state sentence. (Dkt. Entry No. 1 at 21.) *See Leal v. Trombone*, 341 F.3d 427, 430 (5th Cir. 2003). On that broader question, the BOP denied Petitioner's request for credit, and Petitioner fails to show that there are any improprieties with that final decision.

## III. CONCLUSION

### *Recommended Disposition*

After a review of the record and relevant law, the undersigned respectfully recommends that Petitioner's section 2241 petition be **DENIED** and **DISMISSED** with prejudice because it lacks merit. It is further recommended that this case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the Petitioner by any receipted means.

**DONE** at McAllen, Texas, this 19th day of May, 2016.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE